(Decided October 23, 1939)

*Tompkins & Tompkins* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

BROWN, Judge: This appeal to reappraisement has been submitted for decision upon stipulation of counsel for the parties hereto.

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that the market value or price at the time of exportation of the merchandise involved herein, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, is as follows:

4 shillings per dozen ¼ lb. portions packing included.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign value for the merchandise herein at the time of exportation.

IT IS FURTHER STIPULATED AND AGREED that this case may be submitted on the foregoing stipulation.

In harmony with the stipulation, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such value is as set forth above. Judgment will be rendered accordingly.

KAUFMANN DEPT. STORES, INC. *v.* UNITED STATES

No. 4666.—Invoice dated Mitchelstown, Ireland, June 28, 1938.
Entered at Pittsburgh, Pa., July 15, 1938.
Entry No. 19.

(Decided October 23, 1939)

*Tompkins & Tompkins* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

BROWN, Judge: This appeal to reappraisement has been submitted for decision upon stipulation of counsel for the parties hereto.

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that the market value or price at the time of exportation of the merchandise involved herein, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, is as follows:

3 shillings 9 pence per dozen ¼ lb. portions, packing included.

IT IS FURTHER STIPULATED AND AGREED that there was no higher foreign value for the merchandise herein at the time of exportation.

IT IS FURTHER STIPULATED AND AGREED that this case may be submitted on the foregoing stipulation.

In harmony with the stipulation, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such value is as set forth above. Judgment will be rendered accordingly.

## UNITED STATES v. BATA SHOE CO., INC.

**No. 4667.**—Invoices dated Zlin, Czechoslovakia, September 1, 1936, etc.
Certified September 3, 1936, etc.
Entered at New York September 21, 29, 1936.
Entry Nos. 738183, 738182, 741984.

### Second Division, Appellate Term

(Decided October 24, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellant.
*James W. Bevans* for the appellee.
*Lamb & Lerch* (*Kenneth G. Osborn* of counsel), *amici curiae*.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: This is an application for review brought by the United States from a judgment rendered by a single judge involving the proper dutiable value of certain merchandise described on the invoices as "unfinished velvet boots," imported from Czechoslovakia.

The case was originally tried before Presiding Judge McClelland who found that the proper basis for determining dutiable value was cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, but in his opinion all of the elements necessary to establish such value were not shown in the record before him, and he therefore directed "that the appeals be restored to the calendar in order that opportunity may be afforded counsel for the plaintiff and the defendant to offer additional evidence upon the basis of which I may find the statutory cost of production of the unfinished boots involved." (Reap. Dec. 4330.) Later, the case was heard and finally submitted for decision before Judge Sullivan, after both sides had offered additional documentary evidence relating to cost of production of the imported merchandise. In his decision based upon the record before him, which included the supplementary evidence offered at later hearings, Judge Sullivan concurred in all of the views